**2025-2168, -1283**

United States Court of Appeals
for the Federal Circuit

**PROXENSE, LLC,**

*Appellant*,

**v.**

**APPLE INC., MICROSOFT CORPORATION,**

*Appellees*,

**JOHN A. SQUIRES, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,**

*Intervenor*,

Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board in IPR2024-00233, -01334, and -00846

**Brief for Intervenor**

AUSTIN P. MAYRON
*Deputy Solicitor*

ROBERT J. MCMANUS
*Senior IP Legal Counsel*

MAUREEN D. QUELER
KAKOLI CAPRIHAN
*Associate Solicitors*

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035
*Attorneys for the Director of the USPTO*

September 8, 2026

## Representative Claim

1. A method comprising:

persistently storing biometric data of a user and a plurality of codes and other data values comprising a device ID code uniquely identifying an integrated device and a secret decryption value in a tamper proof format written to a storage element on the integrated device that is not capable of being subsequently altered;

responsive to receiving a request for a biometric verification of the user, receiving scan data from a biometric scan;

comparing the scan data to the biometric data to determine whether the scan data matches the biometric data;

responsive to a determination that the scan data matches the biometric data, wirelessly sending one or more codes and other values from the plurality of codes and other data values for authentication to a third party that operates a trusted authority, wherein the one or more codes and other data values includes the device ID code; and

receiving, at an application, an access message from the trusted authority indicating that the trusted authority successfully authenticated the one or more codes and other data values sent to the third party and allowing the user access to the application.

Appx7-8.

# TABLE OF CONTENTS


I. Statement of the Issues ....... 1

II. Statement of the Case ....... 3

A. Procedural History ....... 3

1. Early Developments in the Proceedings Involving the ’730 Patent ....... 5

2. Concurrent Proceedings Involving the ’954 Patent and Further Developments in the Proceedings Involving the ’730 Patent ....... 6

III. Summary of the Argument ....... 9

IV. Argument ....... 11

A. Standard of Review ....... 11

B. This Court Lacks Jurisdiction Over Proxense’s Challenge to an Order to Stay the ’052 Reexamination Issued in the -232IPR ....... 12

C. The Board’s Treatment in the -233 and -846 IPRs of the Examiner’s Statements and Rejections in the ’052 Reexamination Was Not Arbitrary, Capricious, or an Abuse of Discretion ....... 16

1. The Board in the -233 IPR Did Not Ignore or Act Inconsistently With the ’052 Reexamination ....... 16

2. The Board in the -846 IPR Did Not Act Inconsistently With the ’052 Reexamination ....... 20

3. Proxense Had Adequate Notice and Opportunity to Address the ’052 Reexamination in the -846 IPR ....... 21

D. The Acting Director’s Delegation of Director Review in the -233 IPR to an Administrative Patent Judge Did Not Violate the Appointments Clause ....... 23

V. Conclusion ....... 26

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acceleration Bay LLC v. 2K Sports, Inc.*,
15 F.4th 1069 (Fed. Cir. 2021) ........ 15

*Arthrex, Inc. v. Smith & Nephew, Inc.*,
35 F.4th 1328 (Fed. Cir. 2022) ........ 2, 11, 23, 24

*Connell v. Sears, Roebuck & Co.*,
722 F.2d 1542 (Fed. Cir. 1983) ........ 21

*Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*,
84 F.4th 979 (Fed. Cir. 2023) ........ 3

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*,
445 U.S. 326 (1980) ........ 14

*Durango Assocs., Inc. v. Reflange, Inc.*,
912 F.2d 1423 (Fed. Cir. 1990) ........ 15

*In re Gartside*,
203 F.3d 1305 (Fed. Cir. 2000) ........ 12

*In re Magnum Oil Tools Int'l, Ltd.*,
829 F.3d 1364 (Fed. Cir. 2016) ........ 23

*Mayo Found. for Med. Educ. & Rsch. v. Iancu*,
938 F.3d 1343 (Fed. Cir. 2019) ........ 14

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
812 F.3d 1284 (Fed. Cir. 2015) ........ 12

*In re Milio*,
135 F.3d 777 (Fed. Cir. 1998) ........ 13

*Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*,
463 U.S. 29 (1983) ........ 11, 12

*Redline Detection, LLC v. Star Envirotech, Inc.*,
811 F.3d 435 (Fed. Cir. 2015) .......... 12

*SAS Inst., Inc. v. Iancu*,
584 U.S. 357 (2018) .......... 21

*SkyHawke Techs., LLC v. Deca Int'l Corp.*,
828 F.3d 1373 (Fed. Cir. 2016) .......... 14

*In re Sullivan*,
362 F.3d 1324 (Fed. Cir. 2004) .......... 11

*United States v. Eaton*,
169 U.S. 331 (1898) .......... 24

*In re Vivint*,
14 F.4th 1342 (Fed. Cir. 2021) .......... 15

*ZyXEL Commc'ns Corp. v. UNM Rainforest Innovations*,
107 F.4th 1368 (Fed. Cir. 2024) .......... 22

**Statutes**

5 U.S.C. § 706(2)(A) .......... 11

28 U.S.C. § 1295 .......... 13, 14

35 U.S.C. § 102 .......... 5, 21, 22

35 U.S.C. § 103 .......... 5, 21, 22

35 U.S.C. § 141 .......... 13, 14

35 U.S.C. § 142 .......... 14

35 U.S.C. § 319 .......... 13, 14

35 U.S.C. § 325(d) .......... 6, 13

**Regulations**

37 C.F.R. § 90.3 .......... 14

## STATEMENT OF RELATED CASES

The Director is not aware of any related cases or appeals in connection with the patent at issue (U.S. Patent No. 8,886,954) other than those matters noted in the Statement of Related Cases in Appellee's Response Brief (ECF No. 31 at xi).

# I. STATEMENT OF THE ISSUES

Proxense, LLC's consolidated appeal arises from Final Written Decisions in IPR2024-00233 ("the -233 IPR") and IPR2024-00846 ("the -846 IPR"), both concerning U.S. Patent No. 8,886,954 ("the '954 Patent"). The Director intervened to address Proxense's Administrative Procedure Act and constitutional arguments.

The first issue raised by Proxense, however, does not arise out of either the -233 or -846 IPRs. Instead, Proxense argues that a stay order issued in a different proceeding involving a different patent was arbitrary and capricious. That order issued in IPR2024-00232 ("the -232 IPR") and stayed Reexamination No. 90/015,052 ("the '052 reexamination"), both of which involved U.S. Patent No. 8,352,730 ("the '730 patent"). But neither the '730 patent, the -232 IPR, nor the '052 reexamination are the subject of the present appeal.

As to the proceedings that are the subject of this appeal, Proxense argues that the Board's Final Written Decisions concerning the '954 patent are arbitrary and capricious as allegedly inconsistent with the '052 reexamination. The Board's Final Written Decisions in the -233 and -846 IPRs addressed the Examiner's determinations in the reexamination and explained why the reexamination did not change the outcome of the IPRs. Proxense asserts, however, that it was inconsistent for the Board to determine that the '954 claims were unpatentable based on Ludtke in the -233 IPR when an Examiner stated that similar claims in the '730 patent were

allowable over Ludtke. Proxense also alleges that it was inconsistent for the Board to conclude that the ’954 claims were obvious based on Burger in the -846 IPR when an Examiner found claims of the ’730 patent only anticipated by Burger.

Finally, Proxense argues that the IPR proceedings concerning the ’954 patent lacked the necessary oversight by a principal officer. Proxense’s Director Review request in the -233 IPR was decided by an inferior officer, an Administrative Patent Judge, pursuant to a limited delegation from Acting Director Stewart due to a conflict, consistent with this Court’s decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022). Proxense nonetheless asserts that this delegation to an inferior officer violates the Appointments Clause.

The issues addressed by the Director are:

(1) Whether this Court has jurisdiction over Proxense’s challenge to a stay entered in a different proceeding concerning a different patent, neither of which are the subject of this appeal;

(2) Whether the Board’s determinations in the Final Written Decisions on appeal were arbitrary and capricious for allegedly being inconsistent with an Examiner’s determinations in the ’052 reexamination of a different patent; and

(3) Whether the Acting Director’s limited delegation of Director Review to an inferior officer due to a conflict of interest is a violation of the Appointments Clause.

# II. STATEMENT OF THE CASE

## A. Procedural History

Proxense appeals from the Board's Final Written Decisions in the -233 and -846 IPRs, both concerning the '954 patent. In the -233 IPR, the Board determined that claims 1-7, 10, 12-19, and 22–27 are unpatentable as obvious over Ludtke[1] alone or in combination with other prior art. Appx45[2]. In the -846 IPR, the Board determined that claims 1–29 are unpatentable as obvious over Burger[3] alone or in combination with other prior art. Appx92.

In these consolidated appeals, Proxense has raised arguments involving completely different proceedings concerning another patent—the '730 patent. The '730 patent is the parent to the '954 patent. Proxense's arguments relate to the '052 reexamination and the -232 IPR of the '730 patent. *See* Br. at 4-5, 11.

The following figure depicts the relative chronology of these proceedings:[4]

---

[1] U.S. Patent No. 7,188,110 ("Ludtke"). Appx1010.

[2] Citations to the Joint Appendix are denoted as "Appx__." Citations to Proxense's Corrected Opening Brief (ECF No. 23) are denoted as "Br. at __."

[3] U.S. Application Publication No. 2005/0050367 ("Burger"). Appx5985.

[4] Although the timeline is not in the Joint Appendix, the Court may take judicial notice of this information as it is a matter of public record and readily verifiable. *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.,* 84 F.4th 979, 989 n.6 (Fed. Cir. 2023).


052 Reexam ('730 Patent)
6/8/22 Reexam Request; 8/2/22 Reexam Ordered
11/25/24 Non-Final Office Action (Ludtke rejection)
3/3/25 Final Rejection (Ludtke rejection) Examiner's Amendment
3/8/25 Response After Final (Claims amended per Examiner's proposal)
3/27/25 Reexam Stayed
4/28/25 Stay Lifted
5/20/25 Non-Final Office Action (Amendment Entered; Ludtke rejection withdrawn)
7/29/25 Non-Final Office Action (Ludtke reapplied and 102 based on Burger)
9/29/25 Claims Amended
12/2/25 Notice to Issue Reexam Certificate
-232 IPR ('730 Patent)
01/17/24 Petition; 7/24/24 Institution Granted
Intervening Proceedings
3/25/25 Email to Board re: 052 Reexam
3/27/25 Order Staying 052 Reexam
4/15/25 Request for Adverse Judgment
4/28/25 Granting Request for Adverse Judgment and Lifting Stay
-233 IPR ('954 Patent)
01/17/24 Petition; 7/24/24 Institution Granted
Intervening Proceedings
2/18/25 Patent Owner Sur-Reply
4/22/25 Oral Argument
5/8/25 Petitioner Brief on Estoppel
5/15/25 PO Reply Brief on Estoppel
6/17/25 FWD
7/2/25 Request Director Review
8/13/25 Denial of Director Review
-846 IPR ('954 Patent)
4/6/24 Petition; 11/18/24 Institution Granted
Intervening Proceedings
6/23/25 Petitioner Motion to Stay 052 Reexam
7/14/25 Denial of Stay of 052 Reexam
8/7/25 Board Authorizes submission of Reexam Office Actions
8/18/25 Oral Argument
10/17/25 FWD

### 1. Early Developments in the Proceedings Involving the ’730 Patent

Before the involved IPR proceedings were instituted regarding the ’954 patent, reexamination of the ’730 patent was requested and the ’052 reexamination was subsequently ordered. Appx2760; SAppx4. In March 2025, the Examiner in the ’052 reexamination entered a Final Office Action rejecting original claims 1-17 of the ’730 patent under 35 U.S.C. §§ 103 and/or 102, based on Ludtke. Appx3125-3160. In that Final Office Action, the Examiner indicated that claims 1-17 would be allowable over Ludtke if amended to add certain claim language specifying that the claimed access message is received by an application. Appx3156 (citing Appx2806). Proxense responded with proposed amendments adopting the Examiner’s suggestion. SAppx4; Br. at 10.

Meanwhile, the ’730 patent was also involved in an IPR proceeding. *See* Appx3214. In 2024, the Board instituted the -232 IPR on grounds asserting that the claims of the ’730 patent were obvious based on Ludtke (alone or in combination with other prior art). Appx9095; Appx9107; Appx3214. Following the Examiner’s proposal in the March 2025 Final Office Action in the ’052 reexamination, the parties to the -232 IPR jointly contacted the Board requesting a call to discuss the ’052 reexamination. Appx3210-3211. Petitioner requested that the Board stay the reexamination pending resolution of the -232 IPR and the Board agreed. Appx3215-3217. The Board in the -232 IPR found that good cause existed to exercise its

discretion to stay the reexamination under 35 U.S.C. § 325(d) based on claim overlap, the potential for inconsistent results if a claim amendment was entered in the ’052 reexamination, and the statutory deadline for the IPR. Appx3215-3217.

Proxense did not challenge entry of the stay. Rather, Proxense requested adverse judgment in the -232 IPR and requested that the stay of the ’052 reexamination be lifted, both of which the Board granted. Appx3219-3222. In the restarted ’052 reexamination, the Examiner issued a Non-Final Office Action that, *inter alia*, entered the amendments proposed by Proxense and withdrew the prior rejection based upon Ludtke, but still rejected the amended claims of the ’730 patent based on different prior art. Appx8804-8828.

### 2. Concurrent Proceedings Involving the ’954 Patent and Further Developments in the Proceedings Involving the ’730 Patent

While the IPR and reexamination proceedings for the ’730 patent were ongoing, the Office was also adjudicating the -233 IPR concerning the ’954 patent. The Board instituted the -233 IPR in 2024 based on grounds that the challenged claims were obvious based on Ludtke (alone or in combination with other prior art). Appx2264-2271; Appx2301. In 2025, Proxense asserted in the -233 IPR that the Board was bound by the Examiner’s determinations in the ’052 reexamination, and in particular to the determination that an amendment of the ’730 patent claims would overcome the rejections based on Ludtke. Appx43-44 (citing arguments made at

Appx3074-3076 and Appx3118-3122). Proxense reasoned that because the challenged claims of the ’954 patent contained similar language to the proposed amended claims of the ’730 patent, the Examiner’s determination that the amended claims of the ’730 would be allowable over Ludtke foreclosed a determination of unpatentability of the ’954 claims based on Ludtke. Appx3118-3122.

The Board found these arguments untimely and therefore gave them no weight. Appx43-44. Moreover, the Board noted that the Examiner had withdrawn the rejection based on Ludtke but “gave no reason for withdrawing the rejection;” the Board thus treated the Examiner’s withdrawal of the rejection as a determination that the rejection was moot and not as an assessment of merits. Appx44. The Final Written Decision in the -233 IPR held that Petitioner had proven by a preponderance of the evidence that claims 1–7, 10, 12–19, and 22–27 of the ’954 patent were unpatentable based on the Ludtke grounds. Appx45.

Proxense requested Director Review of the -233 IPR Final Written Decision. Appx48-49. Because Acting Director Stewart was recused from the -233 IPR due to a conflict, her Director Review function was delegated to Administrative Patent Judge Michelle Ankenbrand. Appx48, n.2; *see also* Appx9445. Proxense’s Director Review request was denied. Appx48-49.

In addition to the -233 IPR, the ’954 patent was the subject of the -846 IPR. The Board instituted the -846 IPR in late 2024 based on grounds asserting that the

challenged claims were obvious based on Burger (alone or in combination with other prior art). Appx8389-8396; Appx8419.

While the -846 IPR was ongoing, the Examiner in the ’052 reexamination issued a July 2025 Non-Final Office Action that rejected the claims as anticipated based on Burger. Appx8740; Appx8744; Appx8753-8754. In that office action, the Examiner adopted the rationale from the -846 IPR. Appx8796-8797. In particular, the Examiner applied a claim interpretation in the ’052 reexamination consistent with that applied in the -846 and -233 IPRs, namely that the claims did not require a user and an application to be parties to the claimed transaction. Appx8797-8798. Upon Proxense’s request, the Board authorized submission of the July 2025 Office Action from the ’052 reexamination into the -846 IPR record. Appx9058. During the -846 IPR oral argument, Proxense raised the July 2025 Office Action and discussed its relevance. Appx9039-9041. Proxense acknowledged that the Examiner did not “make any inconsistent claim construction with the Board,” or any inconsistent findings regarding the disclosure of Burger. Appx9040. Proxense asserted, however, that the Examiner’s assertion of an anticipation rejection based on Burger foreclosed an obviousness rejection. Appx9040-9041. The Board disagreed that a non-final office action meant the Examiner foreclosed any rejection and stated that unless Proxense had anything additional, they would not allow further argument regarding the ’052 reexamination. Appx9041.

In the Board's October 2025 Final Written Decision for the -846 IPR, the Board addressed the '052 reexamination. Appx88-91. The Board noted that the rejections in the '052 reexamination were non-final and found that there were "no findings or conclusions [in the reexamination] inconsistent with" the findings in the -846 IPR. Appx89-90. The Board rejected Proxense's argument that the Examiner's decision to issue an anticipation rejection over Burger implied that the Examiner determined the claims were not obvious over Burger. Appx90-91. The Board found no requirement that an Examiner make alternative rejections over the same prior art. Appx91. The Final Written Decision in the -846 IPR held that Petitioner had proven by a preponderance of the evidence that claims 1-29 of the '954 patent were unpatentable based on the Burger grounds. Appx92. Proxense did not request Director Review or rehearing of the -846 IPR Final Written Decision.

In the '052 reexamination of the '730 patent, in response to the July 2025 office action, Proxense further amended the pending claims to specify that the "principal parties to the transaction are the user and the application." SAppx5. The Examiner subsequently concluded that the language of the amended claims was not taught by the prior art. SAppx13-14. The reexamined '730 patent issued on January 29, 2026, with this amended claim language. SAppx18-20.

## III. SUMMARY OF THE ARGUMENT

Proxense theorizes a conspiracy by the Board to silence and ignore the

determinations made by an Examiner during the reexamination of a different patent than the one on appeal. Proxense also raises an Appointments Clause challenge. Proxense's arguments either lack jurisdiction for this Court to decide or are without merit.

First, this Court does not have jurisdiction over Proxense's argument that the Board tried to silence the Examiner's findings by arbitrarily and capriciously staying the '052 reexamination proceeding. The stay order of the '052 reexamination was issued by the Board in the -232 IPR, both of which involved the '730 patent. Neither the -232 IPR, the '052 reexamination, nor the '730 patent are the subject of the present appeal. Further, the order staying the '052 reexamination was soon lifted and thus any challenge is moot. The Court therefore lacks jurisdiction and should therefore dispense with Proxense's arguments concerning the issuance of the stay.

Proxense's remaining arguments of alleged silencing and inconsistency by the Board in the -233 and -846 IPRs are belied by the record, which establishes that the Board neither ignored, nor acted inconsistently with, the Examiner's actions in the '052 reexamination. The Board acknowledged the findings from the '052 reexamination in both Final Written Decisions on appeal and explained why those findings were not inconsistent with the determinations of unpatentability in either IPR. The record amply supports that finding. While Proxense certainly would have preferred a different outcome in the IPRs, its disagreement with the Board does not

establish any abuse of discretion or error.

Finally, Proxense's Appointments Clause challenge is also without merit. This Court in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022) (*Arthrex II*) held that an inferior officer may temporarily perform the duties of the vacant Director's office, in this case the function of Director Review, consistent with the Appointments Clause. Proxense fails to distinguish *Arthrex II* and therefore its constitutional challenge should be rejected.

# IV. ARGUMENT

## A. Standard of Review

The Board's actions can be set aside based upon Proxense's challenges under the Administrative Procedure Act only if they are "are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004); 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

An agency action is considered arbitrary and capricious when "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could

not be ascribed to a difference in view or the product of agency expertise." *Id.; see also In re Gartside,* 203 F.3d 1305, 1312 (Fed. Cir. 2000) (explaining that, under the arbitrary and capricious standard, the reviewing court "must consider whether the decision was based on a consideration of relevant factors and whether there has been a clear error of judgment"). When "a rational connection exists between the agency's factfindings and its ultimate action," the agency's decision is not arbitrary and capricious. *Gartside*, 203 F.3d at 1312. "An abuse of discretion occurs if the decision (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 442 (Fed. Cir. 2015) (quotation marks omitted).

This Court reviews de novo the constitutional challenge raised by Proxense. *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1287 (Fed. Cir. 2015).

### B. This Court Lacks Jurisdiction Over Proxense's Challenge to an Order to Stay the '052 Reexamination Issued in the -232IPR

Proxense asserts that the Board was arbitrary and capricious in staying the '052 reexamination concerning the '730 patent. Br. at 27-30. But this stay was issued by the Board in the -232 IPR, which, like the '052 reexamination, involved the '730 patent (Appx3213-3217). The stay was not issued by the Board in the -233 IPR that

is the subject of the present appeal.[5] Because neither the -232 IPR nor the ’052 reexamination proceeding concerning the ’730 patent is before this Court, this Court lacks jurisdiction to decide Proxense’s challenge to the stay.

First, there is no statutory basis for jurisdiction for Proxense’s challenge to the stay. In particular, there is no jurisdiction for the Court to act under 35 U.S.C. § 141, 35 U.S.C. § 319, or 28 U.S.C. § 1295 over the ’052 reexamination or -232 IPR. Section 141 allows appeals from a party dissatisfied with a “final decision in an appeal of a reexamination” or a “final written decision of the Patent Trial and Appeal Board” from an IPR proceeding. 35 U.S.C. § 141(b), (c). Section 319 permits appeals from parties dissatisfied with a final written decision of the Board pursuant to § 141. And § 1295 provides for appeals from decisions of the Board in reexamination and IPR proceedings. Because there is no Board decision in the ’052 reexamination, this Court has no statutory jurisdiction over that proceeding under any of these provisions. *See In re Milio*, 135 F.3d 777 (Fed. Cir. 1998) (“The Board did not issue a final decision in this case. Thus, we do not have jurisdiction.”). Additionally, “the prevailing party in a lower tribunal cannot ordinarily seek relief

---

[5] Indeed, the Board could not stay the ’052 reexamination in the -233 IPR under 35 U.S.C. § 325(d) because the -233 IPR involved a different patent. *See* 35 U.S.C. § 325(d) (allowing for a stay of another proceeding involving the same patent). Thus, when a stay of the ’052 reexamination was requested in the -846 IPR, which, like the -233 IPR, concerned a different patent from the ’052 reexamination, the same panel denied the request because of the difference in patents. Appx8735-8738.

in the appellate court." *SkyHawke Techs., LLC v. Deca Int'l Corp.*, 828 F.3d 1373, 1375-76 (Fed. Cir. 2016) (dismissing appeal for lack of jurisdiction when appellant prevailed in the underlying reexamination proceeding and did not seek to alter the judgment in the case). Here, Proxense prevailed in the '052 reexamination; the Examiner allowed Proxense's amended claims, and a reexamination certificate was issued. SAppx1-20. And in the -232 IPR, the Board granted Proxense's request for an adverse judgment. Appx3219-3221. Proxense does not seek to alter the outcome of either proceeding and therefore neither is appealable under §§ 141, 319, or 1295. *See Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.").

Second, no notice of appeal was filed in the -232 IPR or '052 reexamination as required by 35 U.S.C. § 142 and 37 C.F.R. § 90.3. And the time for doing so has passed. Appx3219-3222 (order granting adverse judgment in -232 IPR entered April 28, 2025). Decisions in those proceedings, including the order staying the '052 reexamination, are now final and non-appealable. *See Mayo Found. for Med. Educ. & Rsch. v. Iancu*, 938 F.3d 1343, 1347 (Fed. Cir. 2019) (explaining that an interference decision was final because the time for filing a notice of appeal had passed). Nor did the notices of appeal initiating the present appeal identify these proceedings as the appealed decisions. Appx5008-5011; Appx9054-9056. The

present appeal therefore does not encompass these proceedings or this patent. *See Durango Assocs., Inc. v. Reflange, Inc.*, 912 F.2d 1423, 1425 (Fed. Cir. 1990) (holding that appeal did not encompass issues related to patent not listed in notice of appeal). Notably, Proxense's jurisdiction statement also does not list either the -232 IPR or the '052 reexamination. Br. at 3; *see also* Br. at 1 (also not listing either the '052 reexamination or the -232 IPR as the appealed decisions).

Finally, Proxense has already received the relief it requests, a lift of the stay. Br. at 30; Appx3219-3222. As such, Proxense's appeal of the stay order lacks jurisdiction as moot because this Court is unable to grant any effectual relief. *See Acceleration Bay LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1077 (Fed. Cir. 2021) (finding no jurisdiction when no opinion by the Court would disrupt the lower court's grant of non-infringement).

Proxense asserts that review under the APA extends to "preliminary, procedural, or intermediate agency actions or rulings that are not directly reviewable before a final action," and therefore requires consideration of the "full record." Br. at 25 (quoting *In re Vivint*, 14 F.4th 1342, 1348 (Fed. Cir. 2021)). This principle does not act, however, to render decisions issued in other IPR proceedings appealable simply because those decisions were entered into the record as exhibits in the IPR on appeal.

To the extent that Proxense is implying that the stay of the '052 reexamination

infected the -233 IPR or otherwise silenced favorable patentability determinations (*see* Br. at 5, 19-20, 27), such an argument falls flat. As explained in the next section, the Board in the -233 IPR set aside "whether the prosecution of a co-pending reexamination of a different patent is relevant," and considered the '052 reexamination proceedings at length. Appx41-44.[6]

### C. The Board's Treatment in the -233 and -846 IPRs of the Examiner's Statements and Rejections in the '052 Reexamination Was Not Arbitrary, Capricious, or an Abuse of Discretion

#### 1. The Board in the -233 IPR Did Not Ignore or Act Inconsistently With the '052 Reexamination

Proxense asserts that it was arbitrary for the Board in the -233 IPR to determine that the challenged claims of the '954 patent were unpatentable based on Ludtke when the Examiner in the '052 reexamination had indicated that substantially similar claims of the '730 patent would be allowable over Ludtke and withdrew grounds of rejection based on Ludtke. Br. at 30-34. Proxense's argument lacks merit.

Much of Proxense's argument is premised on its incorrect assertion that at the time of the -233 IPR Final Written Decision, the Examiner in the '052 reexamination had determined that proposed amended claims of the '730 patent "were patentable

---

[6] Proxense attempts to connect the timing of the stay in the '052 reexamination to the -233 IPR, asserting that the Board's "timing is dispositive" of an arbitrary and capricious stay. Br. at 27. As discussed above, however, the stay was issued in the -232 IPR that is not the subject of this appeal. Mere allegations of an overlap in timing does not bring the stay order within this Court's jurisdiction.

over Ludtke." *See* Br. at 31. But no final determination of patentability had been made in the '052 reexamination. The May 2025 Non-Final Office Action was not a final decision. Accordingly, the -233 IPR did not depart from any "established precedent," as asserted by Proxense. *See* Br. at 30. Additionally, while the Examiner withdrew the Ludtke-based grounds at that time, the Examiner proceeded to reject the amended '730 patent claims based on other prior art. Appx8804-8810. The claims were therefore not held patentable. *See* Appx44 (the Board in the -233 IPR noting that the Examiner had continued to reject the '730 patent claims).

Proxense's assertion of inconsistency between the proceedings without an articulated explanation from the Board (Br. at 30-31) also fails. First, the Board in the -233 IPR did not ignore the Examiner's determinations in the '052 reexamination but rather fully considered and addressed the Examiner's evaluation of Ludtke, the proposed Examiner's amendment, and the Examiner's withdrawal of the rejection based on Ludtke. Appx41-44. The Board explained that the Examiner had not refuted the Board's mapping of the claims to Ludtke, but rather that the Examiner had found certain of Proxense's arguments regarding Ludtke moot in view of the Examiner's issuance of updated rejections. Appx41-43 (citing Appx2612). The Board concluded that "the '052 reexam does not reflect that the Examiner was persuaded by the arguments Patent Owner presents in this proceeding." Appx43. The Board also explained that Examiner's withdrawal of the rejection based on

Ludtke in the ’052 reexamination was not relevant because the Examiner did not give any reasons why the proposed amendment would overcome Ludtke. Appx44; *see* Appx3156. Thus, Proxense’s assertion that the Board ignored the Examiner’s findings or that the Board failed to articulate a reason for its conclusions in the -233 IPR is belied by the Board’s explicit and extensive discussion of the ’052 reexamination.

Second, the Board in the -233 IPR was not inconsistent with the ’052 reexamination. The Examiner in the ’052 reexamination indicated that the ’730 claims would overcome the rejections based on Ludtke if amended to clarify receipt of an access message “by an application.” Appx3156; Appx2806. The record does not indicate, however, that, at the time of this proposed amendment, the Examiner in the ’052 reexamination had contended with the claim construction issue of whether the claimed “application” was required to be a party to the claimed transaction. In contrast, in the -233 IPR, the Board addressed this construction issue and construed the ’954 claims to not require the claimed application to be a party to the transaction. Appx10-14. The Board then applied Ludtke under its construction. Appx33-34. It was not inconsistent for the Board to apply Ludtke based on an articulated construction when the Examiner does not appear to have addressed the issue.[7] The Board could not be inconsistent with an analysis the Examiner did not

[7] Proxense appears to recognize that the difference in the Examiner’s analysis and

articulate.

A subsequent office action in the ’052 reexamination demonstrates that there is no inconsistency between the proceedings. The Examiner later applied the same construction as the Board in the -233 IPR and rejected the amended claims of the ’730 patent based on Ludtke. *Compare* Appx8775 (Examiner stating that Ludtke’s “transaction confirmation is the ‘access message’ and the content the user can access at the web browser is the ‘application.’”) *with* Appx33 (Board finding that Ludtke’s transaction confirmation is the claimed access message and the web content is the application); Appx8797-8798, n.4 (Examiner noting that they were applying a consistent construction with the Board in the -233 IPR, where the claims do not require the application to be a party to the transaction). Proxense therefore fails to identify any actual inconsistencies between the proceedings.

Proxense next asserts that the Board made factual errors when addressing the ’052 reexamination (Br. at 32-34), but does not identify anything establishing reversible error. The Board in the -233 IPR stated that the Examiner withdrew her proposed amendment and therefore the amendment had no relevance Appx44. This does not, as Proxense alleges, indicate that the Board failed to consider the

---

the -233 IPR is the result of claim construction. *See* Br. at 27-28 (appearing to acknowledge that the Examiner’s withdrawal of Ludtke is only relevant to the claims of the -233 IPR “if those claims had been construed” under Proxense’s proposed construction in the IPR).

amendment that was entered. *See* Br. at 33-34. Instead, it is technically true that the Examiner did not enter an amendment in the '052 reexamination; it was Proxense's amendment that was entered. Appx8806. Regardless, the Board acknowledged that the Examiner addressed "amended claims 1-17" and acknowledged Proxense's argument that the claims were substantially the same between the proceedings. Appx41; Appx44. Because the Board clearly addressed the amendment and the similarity of the claim language, any lack of clarity in the Board's decision regarding the source of the amendment is harmless.

Likewise, the Board's statement that the Examiner's decision to withdraw Ludtke was "not an assessment of the merits" and that the "rejection is moot" (Appx44), is also not erroneous. It reflects the fact that the Examiner did not articulate any reason why the proposed amendment overcame Ludtke (Appx3156), nor found the claims allowable. Further, the Board acknowledged that the rejection based on Ludtke was withdrawn. Appx44. Proxense therefore fails to establish error.

#### 2. The Board in the -846 IPR Did Not Act Inconsistently With the '052 Reexamination

Proxense asserts that the Board in the -846 IPR was also inconsistent with the '052 reexamination because the Board rejected the claims as obvious based on Burger, whereas the Examiner rejected the claims as anticipated based on Burger. Br. at 34-37. Proxense is again incorrect and fails to establish any inconsistency. As the Board explained (Appx91), nothing in MPEP § 2173.06(I) requires the Examiner

to make a § 103 argument when the Examiner has determined that a single reference teaches all the claim elements. That is consistent with Federal Circuit precedent: "Though it is never necessary to so hold, a disclosure that anticipates under § 102 also renders the claim invalid under § 103, for 'anticipation is the epitome of obviousness.'" *See Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (citation omitted). Both the Examiner and Board determined that the claims of the '954 patent are unpatentable based on Burger. Proxense's attempt to manufacture inconsistency between the Burger unpatentability grounds are therefore without merit and its attempt to extend the principle of compact prosecution into a sort of issue preclusion cannot stand.[8] Proxense also ignores that it admitted at oral argument that the Examiner did not "make any inconsistent claim construction with the Board," or any inconsistent findings regarding the disclosure of Burger. Appx9040.

### 3. Proxense Had Adequate Notice and Opportunity to Address the '052 Reexamination in the -846 IPR

Proxense additionally contends that it was not permitted adequate ability in the -846 IPR to address arguments concerning the '052 reexamination. Br. at 34-36.

---

[8] Proxense also fails to consider that the Board in the -233 IPR, unlike the Examiner in the '052 reexamination, was bound to the § 103 ground of rejection advanced in the -233 IPR petition. *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018) ("the petitioner's petition, not the Director's discretion, is supposed to guide the life of the litigation"). The Examiner therefore had the ability to make a § 102 rejection, whereas the Board could not.

The record, however, refutes Proxense's argument. The Board authorized submission of office actions from the '052 reexamination into the -846 IPR record, even though briefing was concluded in the IPR and oral argument was scheduled in twelve days. Appx9058-9059. And as discussed above, the Board addressed those office actions in its Final Written Decision. Appx89-91. It was not an abuse of discretion for the Board to control its proceedings and deny additional briefing at this late stage, especially given that Proxense does not assert any failure of the Board to follow its own rules or procedures. *See, e.g., ZyXEL Commc'ns Corp. v. UNM Rainforest Innovations*, 107 F.4th 1368, 1377 (Fed. Cir. 2024) (finding that the Board did not abuse its discretion when it denied a motion that was untimely under the Board's rules).

Furthermore, the Board did not "silence" Proxense or preclude arguments at trial regarding the '052 reexamination, as Proxense contends (Br. at 34-35). To the contrary, Proxense raised the '052 reexamination at oral argument, explained its relevance, and engaged questions from the panel. Appx9039-9041. Proxense also raised the very argument it now asserts to this Court—that the Examiner's issuance of a § 102 rejection foreclosed a § 103 rejection. Appx9040-9041. Proxense's assertion that it was precluded from presenting arguments or addressing evidence does not match the record. Moreover, the Board's disagreement with Proxense's arguments does not mean that Proxense was silenced.

Proxense also seems to suggest that the Board can only reject or accept an argument based upon a rationale offered by a party. Br. at 35 (citing *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1381 (Fed. Cir. 2016)). This argument is based on the faulty premise that Proxense was unable to advance any arguments (Br. at 35), and therefore fails. The very fact that the Board addressed the '052 reexamination is because Proxense raised the argument. It is untenable for Proxense to assert it had no notice or opportunity to address the arguments that Proxense itself raised. Moreover, nothing in the APA precludes the Board from deciding an issue, once raised, adversely to Proxense. *Magnum Oil* does not hold otherwise, but rather addresses the burdens of proof involved in proving unpatentability in an IPR proceeding. *See* 829 F.3d at 1375-77.

### D. The Acting Director's Delegation of Director Review in the -233 IPR to an Administrative Patent Judge Did Not Violate the Appointments Clause

Proxense argues that the Acting Director's delegation of Director Review in the -233 IPR to an Administrative Patent Judge violates the Appointments Clause because "no principal officer had the discretion to supervise or direct the PTAB." Br. at 38. This Court in *Arthrex II* resolved Proxense's argument. *Arthrex II* explains that "the Appointments Clause allows an inferior officer to temporarily wield the powers of an absent [Presidentially appointed and Senate-confirmed officer] officer." 35 F.4th at 1333-34 (citing *United States v. Eaton*, 169 U.S. 331 (1898)).

And that is exactly the case here. At the time of Proxense's Director Review request, a standing directive delegated the Director Review functions and duties of Acting Director Stewart to Administrative Patent Judge Michelle Ankenbrand—an inferior officer—in the event of the Acting Director's conflict. Appx48, n.2; Appx9445. This was a limited delegation of Director Review under the special conditions of the absence of a Director and the Acting Director's conflict and therefore falls directly within the scope of what was found permissible in *Arthrex II*.

Proxense does not attempt to reconcile its legal position with *Arthrex II*'s holding. Indeed, Proxense seems to acknowledge that it is acceptable for a different inferior officer, the Commissioner for Patents, to perform Director Review while the office of the Director is vacant. Br. at 38; *see Arthrex II*, 35 F.4th at 1333 (explaining that the Commissioner for Patents, to whom Director Review was delegated in that proceeding, is not a Presidentially appointed, Senate-confirmed officer). *Arthrex II* does not mandate that delegation be only to the Commissioner. Rather, the Commissioner performed the duties of the Director in *Arthex II* because both the Director and Deputy Director roles were vacant at the time and the relevant standing directive there delegated the duties of those positions to the Commissioner for Patents. *Arthrex II*, 35 F.4th at 1332, 1334. Here, the Director's office was similar vacant, a conflict prevented the Acting Director from performing Director Review duties for this case, and the relevant standing directive delegated that function in this

limited situation to another inferior office, an Administrative Patent Judge. Appx9445. Like in *Arthrex II*, this was a permissible temporary delegation to an inferior officer to perform the functions of a principal officer and not a violation of the Appointments Clause.

With respect to the -846 IPR, Proxense asserts that the alleged Appointments Clause violation in the -233 IPR taints the Final Written Decision in the -846 IPR. Br. at 38-40. As an initial matter, Proxense's Appointments Clause challenge to the -846 IPR is entirely without merit. At the time of the Final Written Decision in the -846 IPR (October 17, 2025), Director Squires was the Presidentially appointed, Senate-confirmed officer vested with the authority to review decisions by the Board. "USPTO welcomes new Director John A. Squires," https://www.uspto.gov/about-us/news-updates/uspto-welcomes-new-director-john-squires (September 22, 2025). Proxense does not assert that Director Squires lacked the opportunity to review the Final Written Decision in the -846 IPR. Proxense's arguments do not support any constitutional violation in the -846 IPR.

Even apart from that consideration, any "taint" argument vis-à-vis the -846 IPR fails for the same reason that challenge fails in the -233 IPR; as explained above, *Arthrex II* dispenses with this argument, since an inferior officer was temporarily performing Director-review functions. Additionally, Proxense's assertion that the -846 IPR was "tainted" is not an Appointments Clause challenge, but rather a

merits argument directed to the Board's claim construction in the -846 IPR. *See* Br. at 38-39. Thus, even if Proxense's Appointments Clause argument for the -233 IPR had merit, Proxense's argument that the -846 IPR was tainted does not support remand for a procedural defect in that proceeding.

## V. CONCLUSION

For the foregoing reasons, the Court should hold that it lacks jurisdiction to review the order staying the '052 reexamination; that the Board was not arbitrary, capricious, or otherwise in violation of the APA in the -233 and -846 IPRs; and that the Acting Director's delegation of Director Review of the -233 IPR to an inferior officer because of a conflict did not violate the Appointments Clause.

Dated: September 8, 2026

Respectfully submitted,

/s/ *Maureen D. Queler*

AUSTIN P. MAYRON
*Deputy Solicitor*

ROBERT J. MCMANUS
*Senior IP Legal Counsel*

MAUREEN D. QUELER
KAKOLI CAPRIHAN
*Associate Solicitors*

Office of the Solicitor
U.S. Patent and Trademark Office
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035
*Attorneys for the Director of the USPTO*